Dear Mr. Taffaro:
You have requested an opinion of the Attorney General whether the Parish of St. Bernard is required to pay court costs. Your request has been assigned to me for research and reply.
La.R.S. 13:4521 exempts the parish from the payment of court costs instituted by or against the parish and states, in pertinent part, the following:
 A. (1) Except as provided in R.S. 13:5112, R.S. 19:15
and 116, and R.S. 48:451.3, and as hereinafter provided, neither the state, nor any parish, municipality, nor other political subdivision, public board, or commission, nor any officer or employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any such parish, municipality, or other political subdivision, board, or commission, in any court of this state or any municipality of this state, including particularly but not exclusively those courts in the parish of Orleans and the city of New Orleans. . .
 [. . .]
 C. This Section shall have no application to stenographers' costs for taking testimony. *Page 2 
However, the exemption to pay court costs provided by La.R.S. 13:4251(A)(1) is not absolute. Under La.R.S. 13:5112(A), the trial or appellate court may stipulate that the exempt party pay court costs. La.R.S. 13:5112(A) provides in pertinent part as follows:
 In any suit against the state or any department, board, commission, agency, or political subdivision thereof, the trial or appellate court, after taking into account any equitable considerations . . . may grant in favor of the successful party and against the state, department, board, commission, agency, or political subdivision against which judgment is rendered, an award of such successful party's court costs . . . in a dollar amount in a judgment of the trial court or decree of the appellate court.
Therefore, La.R.S. 13:5112 indicates that trial or appellate courts may, in suits against a political subdivision, award court costs in favor of the successful party and against the political subdivision. Note the language of La.R.S. 13:5112(A) is limited to suits filed against (rather than by) political subdivisions. Also, the judgment must give a specific dollar amount the political subdivision is to pay.
Based on the foregoing, it is the opinion of this office that St. Bernard Parish is generally exempt from paying court costs according to La.R.S. 13:4521. However, La.R.S. 13:5112 creates an exception to this general rule providing that in a law suit against the parish, when a judgment has been rendered against the parish, the trial or appellate court in its discretion may order the parish to pay the successful party's court costs. This exemption mandates the judgment to give a specific dollar amount the parish is to pay.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ Erin C. Day Assistant Attorney General
 JDC: ECD